# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HORNBECK OFFSHORE OPERATORS, LLC, HORNBECK OFFSHORE SERVICES, LLC, and ENCORE FOOD SERVICES, LLC | * * * * * * | CIVIL ACTION NO: |
| | * | JUDGE |
| VERSUS | * * | |
| CARLOS KNOX | * * | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DECLARATORY JUDGMENT

**TO THE HONORABLE JUDGES OF THE EASTERN DISTRICT OF LOUISIANA:**

**NOW COMES** plaintiffs, Hornbeck Offshore Operators, LLC, Hornbeck Offshore Services, LLC, (collectively hereinafter referred to as "Hornbeck"), and Encore Food Services, LLC ("Encore"), and for their Complaint against defendant, Carlos Knox ("Knox"), based upon information and belief aver as follows:

I.

Hornbeck Offshore Operators, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in St. Tammany Parish, Louisiana, and is duly authorized to do and doing business within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

II.

Hornbeck Offshore Services, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in St. Tammany Parish, Louisiana, and is duly authorized to do and doing business within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

III.

Encore is a limited liability company duly organized and existing under the laws of the State of Louisiana, with its principal place of business in Houma, Louisiana, and is duly authorized to do and doing business within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

IV.

Carlos Knox is a person of the full age of majority that is a citizen of the State of Louisiana as he resides at 3211 Glenmore Ave., Apt. 2, Houma, LA 70363.

V.

This action arises under the Admiralty and General Maritime Laws of the United States of America within the meaning of Rule 9(H) of the Federal Rules of Civil Procedure. Subject

matter jurisdiction is conferred upon this Court by 28 USC § 1333 and venue is proper in this district pursuant to 28 USC § 1391(b)(1) and (2).

VI.220

This action is for a declaratory judgment pursuant to 28 USC § 2201 and involves an actual controversy between the parties which requires immediate resolution by this Honorable Court.

VII.

Knox entered into a contract of employment with Encore in Houma, Louisiana after which Encore employed Knox as a galley hand on vessels, a position which is properly classified as a seaman within the meaning of the Jones Act, 46 USC § 30103 et seq.

VIII.

On or about August 10, 2018 and while working in the course and scope of his employment with Encore, Knox was assigned to the HOS BAYOU, a vessel owned and/or operated by Hornbeck.

IX.

While working on the HOCARS BAYOU on August 10, 2018, Knox alleges that he slipped on a set of outside stairs on the HOS BAYOU.

X.

On August 10, 2018, Knox was evaluated by the medic aboard the HOS BAYOU. The medic noted no signs of cuts, abrasions, contusions, or edema. The medic released him to full duty.

XI.

On August 11, 2018, Knox was evaluated at Occupational Medicine Services, LLC ("OMS"). The OMS doctor released Knox to regular duty.

XII.

Despite being released to regular duty, Knox has not returned to work.

XIII.

On October 4, 2018, Knox filed a *Petition and Request for Disclosure* in Harris County, Texas against Hornbeck seeking damages for Jones Act negligence, unseaworthiness, and for maintenance and cure.

XIV.

On November 28, 2018, Hornbeck filed a *Motion to Dismiss* on grounds of *Improper Venue* and *Forum Non Conveniens*.

XV.

On January 3, 2019, Knox made demand upon Hornbeck for payment of maintenance and cure.

XVI.

On January 11, 2019, Knox filed a Motion requesting the Harris County court to order a Non-Suit and dismissal without prejudice.

XVII.

Hornbeck seeks Declaratory Judgment pursuant to 28 USC 2201 declaring that Hornbeck is not the Jones Act employer of Knox and that Hornbeck bears no obligation to pay any maintenance and cure benefits to Knox.

XVIII.

Encore seeks Declaratory Judgment pursuant to 28 USC 2201 declaring that Encore bears no obligation to pay any maintenance and cure benefits to Knox as he was released to full duty terminating any obligation that Encore bears to provide Knox with maintenance and cure benefits.

**WHEREFORE**, Hornbeck Offshore Operators, LLC, Hornbeck Offshore Services, LLC, and Encore Food Services, LLC pray that process in due form of law may issue, citing defendant, Carlos Knox, to appear and answer within the time prescribed by law, and that after due proceedings had, there be judgment in favor of Hornbeck Offshore Operators, LLC, Hornbeck Offshore Services, LLC, and Encore Food Services, LLC declaring that Plaintiffs are not obligated to pay any maintenance and cure benefits to defendant, Carlos Knox and for all other equitable, legal and general relief to which Plaintiffs may be entitled.

Respectfully Submitted;

**STAINES & EPPLING**

*/s/ Jason R. Kenney*
**ANTHONY J. STAINES** (#12388)
**JASON R. KENNEY** (#29933)
**JAMES A. CROUCH, JR.** (#35729)
3500 North Causeway Boulevard, Suite 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0039
*Counsel for Hornbeck Offshore Operators, LLC,*
 *Hornbeck Offshore Services, LLC, and*
*Encore Food Services, LLC*

PLEASE SERVE:

**CARLOS KNOX**
3211 Glenmore Ave., Apt. 2
Houma, LA  70363