UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HORNBECK OFFSHORE OPERATORS, LLC, ET AL.** | **CIVIL ACTION** |
| VS. | **NO: 19-270** |
| **CARLOS KNOX** | **SECTION: T** |

## ORDER

Before the Court is a Motion for Damages Due to Wrongful Attachment[1] filed by Hornbeck Offshore Services, LLC ("Hornbeck"). Carlos Knox ("Knox") has filed an opposition.[2] For the following reasons, the Motion for Damages Due to Wrongful Attachment[3] is **DENIED**.

## BACKGROUND

This action involves Knox's claim for injuries allegedly sustained while working aboard a vessel owned by Hornbeck, the HOS BAYOU. At the time of the injury, Knox was employed by Encore Food Services, LLC ("Encore") as a galley hand and was assigned to work on the HOS BAYOU.

On October 4, 2018, Knox filed Plaintiff's Original Petition and Request for Disclosure in Harris County, Texas against Hornbeck for Jones Act negligence, unseaworthiness, maintenance and cure and sought monetary damages over $1,000,000. On January 11, 2019, Knox filed a Notice of Nonsuit Without Prejudice, and the Court dismissed Knox's Harris County suit without prejudice on January 14, 2019. On January 14, 2019, Hornbeck and Encore filed a Complaint for Declaratory Judgment in this District to have the Court adjudicate whether

---

[1] R. Doc. 35.
[2] R. Doc. 40.
[3] R. Doc. 35.

1

Knox was entitled to maintenance and cure for the allegation that he was injured on the HOS BAYOU on August 10, 2018.

On May 31, 2019, Knox sued Hornbeck in admiralty in the United States District Court for the Southern District of Texas and pleaded a claim for maritime attachment and garnishment pursuant to the Supplemental Rules for Certain Admiralty or Maritime Claims & Asset Forfeiture of the Federal Rules of Civil Procedure, Rule B ("Rule B"). On June 5, 2019, Knox's Application for Issuance of Writs of Attachment and Garnishment of Hornbeck's property in the Southern District of Texas was granted. On July 3, 2019, Hornbeck moved to equitably vacate the writs, for transfer of the matter to this District, and damages arising out of alleged harm. The Southern District of Texas Court vacated the Writ of Attachment and Garnishment and released all property of Hornbeck from any constraint, garnishment, or seizure. In addition to requesting an equitable vacatur of the Rule B attachment, Hornbeck also asked to award it damages based on Knox's alleged "wrongful attachment" of its property. The Southern District of Texas decided not to address Hornbeck's request for alleged damages, which it has now re-urged in this Court.

## **LAW AND ANALYSIS**

To recover for wrongful arrest of a vessel, a party must establish (1) there was no bona fide claim of a maritime lien on the vessel and (2) bad faith, malice, or gross negligence on the part of the offending party.[4] Hornbeck contends that the actions of Knox and his counsel, taken as a whole, unequivocally show an intent to harm Hornbeck because Knox had no justification for seeking a Writ of Attachment and Garnishment. Additionally, Hornbeck contends that even if there is a plausible explanation for the Writ of Attachment and Garnishment, there is no "good faith" explanation for why Knox and his counsel deceived this Court, deceived the judges of the

---

[4] *Comar Marine, Corp. v. Raider Marine Logistics, L.L.C.*, 792 F.3d 564, 574–75 (5th Cir.2015) (internal citations omitted).

Southern District of Texas, failed to comply with local rules, and chose not to inform Hornbeck of its actions unless Knox and his counsel specifically intended for the utmost harm to become inflicted upon Hornbeck and to intentionally disguise this goal from two federal district courts. However, Knox contends that the elements to obtain Rule B relief were unquestionably established, and that filing the Writ of Attachment and Garnishment in the Southern District of Texas was proper.

The Court finds that Hornbeck has failed to show bad faith, malice, or gross negligence on the part of Knox. Although Hornbeck characterizes the actions of Knox and his counsel as "specifically intended for the utmost harm to become inflicted upon Hornbeck and to intentionally disguise this goal from two federal district courts,"[5] there is not sufficient evidence in the record to support this characterization. Hornbeck has not produced any evidence or argument to demonstrate that the initial Rule B filing was improper. The Court, therefore, finds that the evidence fails to establish that Knox acted with bad faith, malice, or gross negligence.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Damages Due to Wrongful Attachment[6] is **DENIED**.

**New Orleans, Louisiana**, on this 21st day of April, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. 35-1, p.12.
[6] R. Doc. 35.