| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: Southern District of Texas (State) | |
| Case number *(if known)*: _____ Chapter 11 | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's Name** | **Hornbeck Offshore International, LLC** | |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | N/A | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 46-4191332 | |
| 4. | **Debtor's address** | **Principal place of business** **103 Northpark Boulevard** Number  Street **Suite 300** **Covington, Louisiana 70433** City  State  Zip Code  **St. Tammany Parish** County | **Mailing address, if different from principal place of business** **8 Greenway Plaza, Suite 1525** Number  Street P.O. Box **Houston, Texas 77046** City  State  Zip Code **Location of principal assets, if different from principal place of business** Number  Street City  State  Zip Code |
| 5. | **Debtor's website** (URL) | www.hornbeckoffshore.com | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ | |

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 1

Debtor     Hornbeck Offshore International, LLC     Case number *(if known)* _____
          Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4831**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☒ A plan is being filed with this petition.

     ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

District _____  When _____  Case number _____
                           MM/DD/YYYY

District _____  When _____  Case number _____
                           MM/DD/YYYY

| | | | | |
|---|---|---|---|---|
| Debtor | Hornbeck Offshore International, LLC | | Case number *(if known)* | |
| | Name | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>☒ Yes. | Debtor | See Rider 1 | Relationship | **Affiliate** |
| | List all cases. If more than 1, attach a separate list. | | District | Southern District of Texas | When | |
| | | | | | | MM / DD / YYYY |
| | | | Case number, if known | | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number   Street

_____
City   State   Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

**Statistical and administrative information[1]**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49          ☒ 1,000-5,000       ☐ 25,001-50,000
☐ 50-99         ☐ 5,001-10,000      ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000     ☐ More than 100,000
☐ 200-999

---

[1] The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 3

Debtor  Hornbeck Offshore International, LLC          Case number *(if known)*
            Name

**15. Estimated assets**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **05/19/2020**
                   MM/ DD / YYYY

✘  **/s/ Samuel A. Giberga**                                    **Samuel A. Giberga**
Signature of authorized representative of debtor        Printed name

Title  **Authorized Signatory**

**18. Signature of attorney**

✘  **/s/ Matthew D. Cavenaugh**          Date  **05/19/2020**
Signature of attorney for debtor                    MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number            Street

**Houston**                                                  **Texas**        **77010**
City                                                           State          ZIP Code

**(713) 752-4200**                                  **mcavenaugh@jw.com**
Contact phone                                       Email address

**24062656**                                        **Texas**
Bar number                                          State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| Southern District of Texas | |
| (State) | |
| Case number *(if known)*: | Chapter 11 |

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On March 31, 2020, HOS WELLMAX Services, LLC ("WELLMAX") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. WELLMAX's case is being administered under Case No. 20-32016 (DRJ).

On the date hereof, each of the entities listed below (collectively with WELLMAX, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Hornbeck Offshore Services, Inc.

- **Hornbeck Offshore Services, Inc.**
- **Energy Services Puerto Rico, LLC**
- **HOI Holding, LLC**
- **Hornbeck Offshore International, LLC**
- **Hornbeck Offshore Navegacao, Ltda.**
- **Hornbeck Offshore Operators, LLC**
- **Hornbeck Offshore Services, LLC**
- **Hornbeck Offshore Transportation, LLC**
- **Hornbeck Offshore Trinidad & Tobago, LLC**
- **HOS de Mexico, S. de R.L. de C.V.**
- **HOS de Mexico II, S. de R.L. de C.V.**
- **HOS Holding, LLC**
- **HOS Port, LLC**
- **HOS-IV, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HORNBECK OFFSHORE INTERNATIONAL, LLC, | ) ) ) | Case No. 20-_____(___) |
| | ) | |
| Debtor. | ) ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Hornbeck Offshore International, LLC | Hornbeck Offshore Services, Inc. | 103 Northpark Boulevard Suite 300 Covington, Louisiana 70433 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) ) | Chapter 11 |
| HORNBECK OFFSHORE INTERNATIONAL, LLC, | ) ) ) ) | Case No. 20-_____(___) |
| Debtor. | ) ) ) |  |

## CORPORATE OWNERSHIP STATEMENT

      Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Hornbeck Offshore Services, Inc. | 100% |

**Fill in this information to identify the case:**

Debtor name: Hornbeck Offshore Services, Inc., *et al.*

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (*If known*): _____

☐ Check if this is an amended filing

# Official Form 204

Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WILMINGTON TRUST, NATIONAL ASSOCIATION 50 SOUTH SIXTH STREET MINNEAPOLIS, MN 55402 | NIKKI KROLL NKROLL@WILMINGTONTRUST.COM 612-217-5624 | 5.00% Notes due 2021 | | | | $450,000,000 plus interest |
| 2 | WILMINGTON TRUST, NATIONAL ASSOCIATION 50 SOUTH SIXTH STREET MINNEAPOLIS, MN 55402 | NIKKI KROLL NKROLL@WILMINGTONTRUST.COM 612-217-5624 | 5.875% Notes due 2020 | | | | $225,000,000 plus interest |
| | ASTROMARITIMA NAVEGAÇÃO, S.A. RUA FIGUEIRA DE MELO, NO. 338, SÃO CRISTÓVÃO RIO DE JANEIRO, RJ BRAZIL | C/O BASILIO AVOGADOS +55 21 2277-4200 ASTROMARITIMA NAVEGAÇÃO, S.A. +55 21 2295-0610 | Arbitration Claim | Contingent Disputed | | | $908,596 |
| 3 | SCHOTTEL INC 1741 DENLEY ROAD HOUMA, LA 70363 | JIM FREMIN JFREMIN@SCHOTTEL.COM 504-471-3439 | Trade Payable | | | | $1,056,355 |
| 4 | GE ENERGY POWER CONVERSION P O BOX 417441 BOSTON, MA 02241-7441 | JENNIFER MACZURA JENNIFER.MACZURA@GE.COM 412-963-3287 | Trade Payable | | | | $712,189 |
| 5 | GNM MARITIMA INTERNACIONAL CALLE SAN CARLOS MANZANA 201 LOTE 10 RESIDENCIAL SAN MIGUEL CUDAD DEL CARMEN, CM 24157 MX | CESAR ALFREDO MEDINA ALBORES CALBORES@MARITIMA-INTERNACIONAL.COM.MX 938-164-6078 | Trade Payable | | | | $315,688 |
| 6 | HUISMAN NORTH AMERICA SERVICES LLC 2502 WEHRING ROAD ROSENBERG, TX 77471 | ACCOUNTING DEPT ATTN: LINDA ACCOUNTING@HUISMAN-NA.COM 832-490-1111 | Trade Payable | | | | $254,950 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 1

| Debtor | Hornbeck Offshore Services, Inc., *et al.* | Case Number (if known) | |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | BIO-UV GROUP 850 AVENUE LOUIS MEDARD LUNEL, 34400 FR | LISA BADANI LISABADANI@BIO-UV.COM +33-49-913-7783 | Trade Payable | | | | $234,100 |
| 8 | SPEEDCAST COMMUNICATIONS INC 4400 S. SAM HOUSTON PARKWAY E HOUSTON, TX 77048 | DWAYNE DECUIRE COLLECTIONS.AMERICA@SPEEDCAST.COM 832-668-2404 | Trade Payable | | | | $232,475 |
| 9 | MAKO UNLIMITED LLC PO BOX 81487 LAFAYETTE, LA 70598 | WENDY DUBOSE WENDY@MAKOUNLIMITED.COM 337-857-6009 | Trade Payable | | | | $229,093 |
| 10 | COASTAL DISTRIBUTORS INC. 211 VENTURE BLVD HOUMA, LA 70360 | APRIL TRAHAN ACCOUNTING@COASTALDISTRIBUTORS.COM 985-851-6774 | Trade Payable | | | | $190,736 |
| 11 | JUNEAU MARINE REFRIGERATION AND AIR CONDITIONING INC. P.O. BOX 1620 HOUMA, LA 70361-1620 | TRACY LEBLANC TRACY@ROCKETMAIL.COM 985-873-8739 | Trade Payable | | | | $161,158 |
| 12 | ABS AMERICAS PO BOX 301249 DALLAS, TX 75303-1249 | KELSEY CRAMER ABSCREDITCARDPAYMENT@EAGLE.ORG 504-262-5203 | Trade Payable | | | | $150,200 |
| 13 | KONGSBERG MARITIME INC 10777 WESTHEIMER ROAD SUITE 1200 HOUSTON, TX 77042 | TOYA PINKSTON TOYA.PINKSTON@KM.KONGSBERG.COM 713-329-5580 | Trade Payable | | | | $146,755 |
| 14 | GUIDANCE MARINE LLC – USA 1313 MCARTHUR AVENUE HARVEY, LA 70058 | COLLEEN BENNETT CREDITCONTROL@GUIDANCE.EU.COM 504-305-1120 | Trade Payable | | | | $143,737 |
| 15 | INTERNATIONAL PAINT INC. PO BOX 847202 DALLAS, TX 75284-7202 | IP ORDER DESK NOL IPORDERDESKNOL@AKZONOBEL.COM 713-684-5894 | Trade Payable | | | | $135,205 |
| 16 | LOUISIANA MACHINERY LLC P.O. BOX 536 RESERVE, LA 70084 | MICHAEL MURZI MICHAEL.MURZI@LOUISIANACAT.COM 985-536-0997 | Trade Payable | | | | $132,708 |
| 17 | MARINE FAB AND REPAIR INC. 211 VENTURE BLVD HOUMA, LA 70360 | C. FRUGA ACCOUNTING@COASTALDISTRIBUTORS.COM 985-851-4638 | Trade Payable | | | | $131,475 |

Debtor  Hornbeck Offshore Services, Inc., *et al.*   Case Number (if known) _____
        Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | FIRE PROTECTION SERVICE INC  P O BOX 5218  HOUSTON, TX 77262-5218 | DANIELLE WILLIAMS  ACCOUNTING@FPS-USA.COM  713-924-9600 | Trade Payable | | | | $128,356 |
| 19 | SIEMENS INDUSTRY, INC  PO BOX 2715  CAROL STREAM, IL 60132 | JACK LOWENBERG  JACK.LOWENBERG@SIEMENS.COM  770-751-2185 | Trade Payable | | | | $120,730 |
| 20 | NOV RIG SOLUTIONS SPARES  PO BOX 201202 LEDGER 183  DALLAS, TX 75320-1202 | ANGELA WHITE  ANGELA.WHITE@NOV.COM  713-868-8715 | Trade Payable | | | | $116,280 |
| 21 | TAYLORS INTERNATIONAL SERVICES, INC  PO BOX 81154  LAFAYETTE, LA 70598 | SKYLAR SAVOIE  SSAVOIE@TAYLORS-INTERNATIONAL.COM  337-234-5558 | Trade Payable | | | | $115,259 |
| 22 | MOTION / VOORHIES SUPPLY CO  P.O. BOX 504606   ST LOUIS, MO 63150 | TAMMY SIMMONS  ARCC.US@MOTION-IND.COM  504-218-1655 | Trade Payable | | | | $111,791 |
| 23 | PETROLEO BRASILEIRO S/A - PETROBRAS  AVENIDA REPÚBLICA DO CHILE, Nº 65, RIO DE JANEIRO/RJ, CEP 20031-912  BRAZIL | MARCO NERY FALBO  +55-21-32249947  +55-21-32244477 | Commercial Litigation | Contingent Unliquidated Disputed | | | $110,603 |
| 24 | DNV GL NOBLE DENTON USA LLC  1400 RAVELLO DRIVE  KATY, TX 77449 | IRENE PENA  HOUSTON.ACCOUNTSRECEIVABLE@DNVGL.COM  281-396-1118 | Trade Payable | | | | $98,477 |
| 25 | SEACATALOG.COM  2261 DENLEY ROAD  HOUMA, LA 70363 | EMILY FAZZIO  EFAZZIO@OKEANUS.COM  985-346-4666 | Trade Payable | | | | $95,830 |
| 26 | WARTSILA DYNAMIC POSITIONING  11710 N GESSNER RD SUITE A  HOUSTON, TX 77064 | DEBBI POYNTER  DEBBI.POYNTER@WARTSILA.COM  281-233-6245 | Trade Payable | | | | $95,595 |
| 27 | DELTA SUBSEA LLC  550 CLUB DRIVE SUITE 345  MONTGOMERY, TX 77316 | CAROLE HLOZEK  CHLOZEK@DELTASUBSEA-ROV.COM  936-582-7167 | Trade Payable | | | | $85,000 |
| 28 | SHELL (SOPUS PRODUCTS) DBA SHELL (SOPUS PRODUCTS)  PO BOX 7247-6236  PHILADELPHIA, PA 19170-6236 | LEANEL CAMPOREDONDO  LEANEL.CAMPOREDONDO@SHELL.COM  632-490-9024 | Trade Payable | | | | $84,359 |

| Debtor | Hornbeck Offshore Services, Inc., *et al.* | Case Number (if known) | |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | DONOVAN MARINE INC. PO BOX 1979 MEMPHIS, TN 38101 | LAURA TUCKER LAURAT@DONOVANMARINE.COM 504-488-5731 | Trade Payable | | | | $83,785 |
| 30 | BEIER RADIO LLC 1150 N CAUSEWAY BLVD MANDEVILLE, LA 70471 | TAMMY WARD ACCTS.REC@BEIERRADIO.COM 504-341-0123 | Trade Payable | | | | $73,306 |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | Hornbeck Offshore International, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration  **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 05/19/2020 | ☒ /s/ *Samuel A. Giberga* |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Samuel A. Giberga** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

**Official Form 202**      Declaration Under Penalty of Perjury for Non-Individual Debtors

ACTION BY UNANIMOUS
WRITTEN CONSENT
OF THE SOLE MANAGER OF
HORNBECK OFFSHORE TRANSPORTATION, LLC
ENERGY SERVICES PUERTO RICO, LLC
HORNBECK OFFSHORE TRINIDAD & TOBAGO, LLC
HOS PORT, LLC
HORNBECK OFFSHORE OPERATORS, LLC
HORNBECK OFFSHORE INTERNATIONAL, LLC
HOS-IV, LLC
HOS HOLDING, LLC
HOI HOLDING, LLC

(each a "*Company*" and collectively the "*Companies*")

**April 27, 2020**

The undersigned, being the sole manager (the "*Manager*") of each of the Companies, each a Delaware limited liability company, and pursuant to the authority of the Limited Liability Company Agreement of each of the Companies, and of Section 18-404(d) of the Delaware Limited Liability Company Act, as amended, hereby consents to, authorizes and adopts the following resolutions.

**WHEREAS**, the Manager considered presentations and advice by management and by the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of Hornbeck Offshore Services, Inc. (the "*Ultimate Parent*" or "*DIP Facility Parent Borrower*") and its subsidiaries including each Company, the strategic alternatives available, and the effect of the foregoing on the Ultimate Parent's businesses and the businesses of the Ultimate Parent's subsidiaries, including each Company;

**WHEREAS**, the Manager has had the opportunity to consult with management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, the Manager has determined, in its judgment, that the following resolutions are advisable and in the best interests of the Companies, the Ultimate Parent, their creditors, and other parties in interest.

**CHAPTER 11 FILING**

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Manager, it is desirable and in the best interests of each Company, the Ultimate Parent, their subsidiaries (as applicable) and their creditors, and other parties in interest, that each Company shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Ultimate Parent and certain of the Ultimate Parent's subsidiaries, collectively, the "Chapter 11 Cases") under the provisions of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (or other court of competent jurisdiction, the "Bankruptcy Court"); and

**RESOLVED FURTHER**, that the President and Chief Executive Officer, the Executive Vice President and Chief Financial Officer, the Executive Vice President and General Counsel, and any executive or senior vice president, and any such other officer of each Company as deemed necessary,

#93139310v6

appropriate or desirable (each, an "Authorized Officer" and, collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to negotiate, execute and file on behalf of such Company all petitions, schedules, lists, other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of each Company's businesses or to assist such Company in the Chapter 11 Cases and in carrying out its duties under the provisions of the Bankruptcy Code.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that to the extent necessary, each Company joins in the retention of those professionals that are engaged by the Ultimate Parent in connection with the Chapter 11 Cases.

## CASH COLLATERAL

**RESOLVED**, that it is desirable and in the best interest of each Company, the Ultimate Parent, their interest holders, their creditors, and other parties in interest, to obtain the benefits from the use of cash collateral (the "Cash Collateral," as such term is defined in section 363(a) of the Bankruptcy Code), which is security for certain of such Company's prepetition secured lenders under certain credit facilities by and among each Company, the Ultimate Parent, the other guarantors party thereto, and the lenders party thereto (the "Prepetition Secured Parties");

**RESOLVED FURTHER**, that to the extent applicable to each Company, the Authorized Officers be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, such Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and, to the extent applicable to each Company, any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute (under the common seal of the Company, if appropriate), and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of Cash Collateral in connection with the Chapter 11 Cases, which agreement(s) may require each Company to grant adequate protection and security interests to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of such Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer in his absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, each Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in their absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

## SUPERPRIORITY DEBTOR-IN-POSSESSION FINANCING

**WHEREAS**, it is desirable and in the best interest of each Company, the Ultimate Parent, their interest holders, their creditors, and other parties in interest, to enter into that certain Superpriority Debtor-In-Possession Term Loan Agreement, together with any and all exhibits, schedules and annexes thereto

2

(collectively, the "DIP Credit Agreement"; capitalized terms used but not otherwise defined herein shall have the meanings specified in the DIP Credit Agreement) by and among DIP Facility Parent Borrower, as borrower and a debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, Hornbeck Offshore Services, LLC (the "DIP Facility Co-Borrower" and, together with the DIP Facility Parent Borrower, collectively, the "DIP Facility Borrowers") , as borrower and a debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, the Lenders party thereto from time to time (the "DIP Facility Lenders"), and Wilmington Trust, National Association, as administrative agent (together with its permitted successors in such capacity, "DIP Administrative Agent") and collateral agent (together with its permitted successors in such capacity, "DIP Collateral Agent" and, together with the DIP Administrative Agent, the "DIP Agent");

**WHEREAS**, each Company will obtain benefits from the incurrence of the obligations under or in connection with the DIP Credit Agreement and any other DIP Documents (as defined below), and it is advisable and in the best interests of each Company to enter into the DIP Credit Agreement and the other DIP Documents (as applicable), and to perform its obligations thereunder, including granting security interests and liens in all or substantially all of its assets;

**WHEREAS**, the obligation of the DIP Facility Lenders to make the extensions of credit to the DIP Facility Borrowers under the DIP Credit Agreement is subject to, among other things, the DIP Facility Borrowers entering into the DIP Credit Agreement, the Loan Documents (as defined in the DIP Credit Agreement) and any other documents and agreements related thereto or in connection with the transactions contemplated thereby, including any documents, agreements, fee letters, commitment letters, security agreements, pledge agreements, fiduciary assignment agreements, fiduciary sale agreements, intercreditor agreements, subordination agreements, control agreements, instruments, notes, mortgages, deeds of trust, guarantees, consents, joinders, or certificates, and any amendments, amendment and restatement, supplements, modification, reaffirmation or continuation of any of the foregoing, relating to or in connection with the DIP Credit Agreement and the transactions contemplated thereby (collectively, the "DIP Documents"); and

**WHEREAS**, the DIP Facility Borrowers and the DIP Facility Lenders are continuing negotiations regarding the final form of the DIP Documents;

**NOW, THEREFORE, BE IT RESOLVED**, that the forms, terms and provisions of the DIP Documents to which each Company will become a party and the transactions contemplated thereunder (including, without limitation, the borrowings, repayments and the incurrence of the obligations thereunder), and the guarantees, liabilities, obligations, security interests granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved, subject to such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof;

**RESOLVED FURTHER**, that each Company will obtain benefits from its entry into the DIP Documents to which it is a party and incurrence and performance of the obligations thereunder and it is advisable and in the best interest of such Company to enter into the DIP Documents, and to perform its obligations thereunder, including granting security interests and liens in all or substantially all of its assets to secure such obligations;

**RESOLVED FURTHER**, that each Company shall be, and hereby is, authorized to enter into the DIP Documents to which it is a party and incur any and all obligations thereunder, and the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized and empowered to execute and deliver the DIP Documents, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively

evidenced by an Authorized Officer's execution and delivery thereof;

**RESOLVED FURTHER**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, in the name and on behalf each Company, to assign, transfer, pledge, mortgage and grant to the DIP Agent, for the ratable benefit of the respective or applicable DIP Facility Lenders, security interests and liens on all or substantially all the assets of such Company, as security for the prompt and complete payment and performance when due of the obligations under or in connection with the DIP Documents and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause such Company to create, perfect, preserve and maintain a security interest in such Company's property or assets constituting "Collateral" as described or contemplated in the DIP Documents (the "DIP Collateral");

**RESOLVED FURTHER**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, in the name and on behalf of each Company, to enter into any guarantees as described or contemplated by the DIP Documents required to consummate the transactions contemplated by the DIP Documents and perform its obligations thereunder and to guarantee the payment and performance of the obligations of the DIP Facility Borrowers and any other guarantor thereunder;

**RESOLVED FURTHER**, that the DIP Agent is authorized to file, register or record financing statements and other filing, registration or recordation of documents or instruments with respect to the DIP Collateral without the signature of any applicable Company in such form and in such offices as such DIP Agent determines appropriate to perfect the security interests of the DIP Facility Lenders granted under the DIP Documents. The DIP Agent is authorized to use the collateral description "all assets" or "all or substantially all personal property assets" or any similar description in any such financing statements;

**RESOLVED FURTHER**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each Company to seek authorization to incur the obligations under or in connection with the DIP Documents and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Documents and the use of cash collateral in connection with the Chapter 11 Cases, which agreements may require each Company to grant adequate protection and liens to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED FURTHER**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered, and directed, in the name of and on behalf of such Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively, and together with the DIP Credit Agreement and the other DIP Documents, the "Financing Documents"); and

4

#93139310v6

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable in order to perform such Company's obligations under or in connection with the Financing Documents and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof.

### FEES AND EXPENSES

**RESOLVED**, that the payment of any and all reasonable and documented out-of-pocket fees and expenses incurred by each Company or its subsidiaries (as applicable), or otherwise arising, in connection with the Financing Documents and any and all transactions contemplated thereby or in connection therewith or otherwise in connection with matters encompassed by the foregoing resolutions, are hereby authorized, ratified, confirmed and approved in all respects, including, without limitation, all reasonable and documented fees and expenses of each Company and its subsidiaries' auditors, attorneys and advisors and all reasonable and documented fees and expenses payable to the DIP Agent and/or the DIP Facility Lenders;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and empowered, for, and in the name and on behalf of each Company and its subsidiaries to make any and all such payments and any other payments in connection with the Financing Documents and any and all transactions contemplated thereby or in connection therewith or otherwise in connection with matters encompassed by the foregoing resolutions; and

**RESOLVED FURTHER**, that to the extent any such payments have been made to date, any and all such payments are hereby authorized, ratified, confirmed and approved in all respects.

### GENERAL

**RESOLVED**, that each Company and the Manager have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waives any right to have received such notice;

**RESOLVED FURTHER**, that in addition to the authorizations set forth herein or heretofore conferred on the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further actions, and to negotiate, execute, acknowledge, deliver, and file any and all such documents, agreements, fee letters, commitment letters, security agreements, pledge agreements, fiduciary assignments agreements, fiduciary sale agreements, intercreditor agreements, subordination agreements, control agreements, instruments, notes, mortgages, deeds of trust, guarantees, consents, joinders, certificates, amendments, supplements, waivers, financing statements and other documents as may be called for under or in connection with the Financing Documents that may be determined by such Authorized Officer to be necessary or desirable, and to pay all fees and expenses, including but not limited to filing fees, in the case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption

5

#93139310v6

of these resolutions, are hereby in all respects authorized, approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, action, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Manager;

**RESOLVED FURTHER**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, or manager of each direct subsidiary of such Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein;

**RESOLVED FURTHER**, that to the extent a Company is directly or indirectly the sole member, general partner, managing member, equivalent manager, or other governing body of certain of such Company's subsidiaries (each, a "Controlled Company"), and thus each Authorized Officer is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of each such applicable Controlled Company;

**RESOLVED FURTHER**, that any Authorized Officer of each Company is hereby authorized, empowered and directed to execute, on behalf of such Company, a consent of the sole member of each Controlled Company whereby such Controlled Company resolves that, notwithstanding any provision of the Limited Liability Company Agreement of such Controlled Company, and notwithstanding that the Delaware Limited Liability Company Act (the "Act") may provide to the contrary (including Section 18-304 of the Act), the occurrence of any event of the type identified in Section 18-304 of the Act with respect to a member of such Controlled Company shall not cause such member to cease to be a member of such Controlled Company and, upon the occurrence of such an event, such Controlled Company shall continue without dissolution;

**RESOLVED FURTHER**, that this Action may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent;

**RESOLVED FURTHER**, that electronic or photostatic copies of signatures to this Action shall be deemed to be originals and may be relied on to the same extent as the originals; and

**RESOLVED FURTHER**, that the actions taken by this Action shall have the same force and effect as if taken at a meeting of the Manager, as applicable, duly called and constituted pursuant to each Company's limited liability company agreement and the applicable laws of the jurisdiction in which such Company is organized.

\*     \*     \*     \*     \*

#93139310v6

IN WITNESS WHEREOF, the undersigned, in his capacity as the sole manager of each Company, has duly executed this Written Consent as of the date first written above.

          **HORNBECK OFFSHORE TRANSPORTATION, LLC**
          **ENERGY SERVICES PUERTO RICO, LLC**
          **HORNBECK OFFSHORE TRINIDAD & TOBAGO, LLC**
          **HOS PORT, LLC**
          **HORNBECK OFFSHORE OPERATORS, LLC**
          **HORNBECK OFFSHORE INTERNATIONAL, LLC**
          **HOS-IV, LLC**
          **HOS HOLDING, LLC**
          **HOI HOLDING, LLC**

By: _____
      Todd M. Hornbeck
      Sole Manager

*[Signature Page to Unanimous Manager Consent – Bankruptcy]*

#93139310v6