UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HORNBECK OFFSHORE OPERATORS, LLC et al** | * | **CIVIL NO. 19-00270** c/w  19-12209 |
| **v.** | * | **SECTION: T** |
| **CARLOS KNOX** | * | **HON. GREG GUIDRY** |

# ORDER

Before the Court is Plaintiffs, Hornbeck Offshore Operators, L.L.C., Hornbeck Offshore Services, L.L.C. (together "Hornbeck"), and Encore Food Services, LLC's ("Encore") *Motion to Dismiss* Defendant Carlos Knox's claims in *Knox v. Hornbeck Offshore Services, LLC*, Civil Action No. 19-12209.[1] The Defendant filed a response.[2] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

# BACKGROUND

This is a consolidated matter involving Hornbeck Offshore Operators, L.L.C., Hornbeck Offshore Services, L.L.C. (together "Hornbeck"), Encore Food Services ("Encore"), and Carlos Knox, a former employee of Encore.[3] In August of 2018, Mr. Knox allegedly "slipped on a set of outside stairs" while aboard the HOS BAYOU, a ship owned and operated by Hornbeck.[4] Two months later, Mr. Knox filed a complaint against Hornbeck and Encore in Texas state court.[5] In January of 2019, after receiving a demand for "payment of maintenance and cure" from Mr. Knox,

---

[1] R. Doc. 78.
[2] R. Doc. 85.
[3] R. Doc. 2 at 2-3.
[4] *Id.* at 3.
[5] *Id.* at 4.

Hornbeck and Encore filed the instant suit seeking a "Declaratory Judgment" against Mr. Knox.[6] Five months later, Mr. Knox filed a complaint against Hornbeck and Encore in the Southern District of Texas, asserting negligence and unseaworthiness claims.[7] Subsequently, the parties filed a Joint Motion to Consolidate the two cases and the Court granted it.[8] Unfortunately, on August 29, 2021, the Court was notified that Mr. Knox had passed away.[9]

Consequently, Civil Action No. 19-12209 was left without a plaintiff. Now, Hornbeck and Encore have filed a motion to dismiss Mr. Knox's claims on grounds that he "is deceased [and] no substitute exists" to prosecute his claims in his stead.[10] Specifically, Hornbeck and Encore argue that no "party or representative" made a timely motion to substitute the deceased party within the 90-day period provided for in Federal Rule of Civil Procedure 25(a).[11] Hornbeck and Encore note that the Court granted the Defendant an additional 30 days to file a motion for substitution, but none was filed.[12] Instead, a motion for substitution was entered after 120 days had passed, but while a second extension request remained pending.[13] In response, Knox's former lawyer and the representative of his estate both assert that, because a second extension was "timely requested," the motion for substitution that fell outside the 120-day window was still timely.[14] Further, the two argue the second extension is warranted due to "the lingering effects of a devastating hurricane."[15]

---

[6] *Id.* 3-5.
[7] *Knox v. Hornbeck Offshore Services, LLC* 2:19-cv-12209-GGG-DPC.
[8] R. Docs. 31, 33.
[9] R. Doc. 67.
[10] R. Doc. 78-1 at 1.
[11] *Id.*
[12] See *Id.*
[13] R. Doc. 75.
[14] See R. Docs. 85 at 2 and 93.
[15] R. Doc. 85 at 3. The Court notes that Hurricane Ida caused serious disruptions across southeast Louisiana for many weeks after its landfall in August of 2021. https://www.rmets.org/metmatters/impacts-hurricane-ida.

## **LAW & ANALYSIS**

Federal Rule of Civil Procedure 25(a) states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party" via a motion for substitution filed "by any party" or a "representative" of the decedent. However, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."[16] A party may request an "extension of time to comply with Rule 25," but such matters are at the discretion of the district court.[17]

In the instant matter, it is uncontested that Mr. Knox's proposed substitute, the mother of his child and "Provisional Adminastratrix" of his estate, filed a motion for substitution outside of the first 30-day extension granted by the Court.[18] The proposed party was served with a Notice of Death on June 30, 2021.[19] On September 27, 2021, Knox's former lawyer requested a 30-day extension.[20] Therefore, the time period to file a motion for substitution as required by Rule 25 ended on October 29, 2021. Knox's former lawyer filed a second extension that same day and a motion to substitute seventeen days later.[21] The second extension was not granted. Thus, the motion to substitute was untimely under Rule 25. Accordingly, *Knox v. Hornbeck Offshore Operators, LLC et al*, 2:19-cv-12209-GGG-DPC is **DISMISSED WITHOUT PREJUDICE**.

---

[16] Fed. R. Civ. Pro. 25.
[17] *Ray v. Koester*, 85 F. App'x 983, 985 (5th Cir. 2004).
[18] R. Docs. 83 at 1-2, 90 at 1.
[19] R. Doc. 70.
[20] R. Doc. 74.
[21] R. Doc. 79, 83.

However, the impact of Mr. Knox's absence is not limited to Civil Action No. 19-12209. Rule 25's language is clear: if a timely motion for substitution is not made by any party, any "action by *or against* the decedent must be dismissed."[22] As no timely motion of substitution was made in either case before the Court, both matters must be dismissed. Therefore, *Hornbeck Offshore Operators, LLC et al v. Knox*, 2:19-cv-00270-GGG-DPC is also **DISMISSED WITHOUT PREJUDICE.**

## CONCLUSION

**IT IS ORDERED** that Civil Action No. 19-12209 is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Civil Action No. 19-00270 is also **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana this __2nd__ day of _____February_____, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge

---

[22] Fed. R. Civ. Pro. 25 (emphasis added).